IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS HOWARD, JR.,<br><br>Defendant. | Case No. 3:21-CR-30187-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is a motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Curtis Howard, Jr. (Doc. 87). Howard asserts that "extraordinary and compelling reasons" warrant a reduction of his sentence, noting his role as the sole available caregiver for his ostensibly incapacitated mother, his desire to assist in caring for his son, and his rehabilitation during incarceration. The Government filed a response in opposition (Doc. 93), and Howard filed a reply (Doc. 94). After review of the record, the parties' arguments, and the relevant law, the Court denies Howard's motion.

## BACKGROUND

On March 19, 2024, the undersigned sentenced Howard to an 84-month term of imprisonment following his plea of guilty to one count of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. 85 at 1). Howard is currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana, with an

anticipated release date of January 16, 2030.[1]

In his motion, Howard contends that his 56-year-old mother suffers from glaucoma, which is causing progressive vision loss, and short-term memory impairments. (Doc. 87 at 2-3). According to Howard, he is the "only adequate care provider for his mother[,]" after a family friend who had initially intended to assist his mother became unavailable. (*Id.* at 2). Howard also contends that he is needed to "aid and assist with his chronically ill 3-year[-]old son" who suffers from a rare medical condition that causes abnormal bone growth in the chest. (*Id.* at 3). In addition, Howard asserts that he has engaged in rehabilitation by volunteering while awaiting trial and participating in vocational training and employment during his incarceration. (*Id.* at 5).

The Government responds by arguing that: (i) Howard has not demonstrated that his mother is incapacitated or that he is the sole available caregiver; (ii) his desire to assist in caring for his son does not constitute an extraordinary and compelling reason for a sentence reduction; and (iii) the sentencing factors under 18 U.S.C. § 3553(a) weigh against Howard's release. (Doc. 93 at 1-2, 6-18).

## LEGAL STANDARD

A federal court generally cannot modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Pursuant to 18 U.S.C. § 3582(c)(1)(A), however, a court may grant a motion for a reduced sentence where the movant demonstrates "extraordinary and compelling reasons" warranting such relief. *See United States v. Newton*, 996 F.3d 485,

---

[1] Howard's housing and scheduled release details can be accessed by using his federal inmate register number or "USM number" (Doc. 78 at 2) to query the federal inmate information page. *Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc (last visited June 9, 2025).

488 (7th Cir. 2021) (citing *United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020)). The court must also find that any such reduction is consistent with applicable policy statements issued by the Sentencing Commission and appropriate in light of the statutory sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Williams*, 65 F.4th 343, 346 (7th Cir. 2023) (citing 18 U.S.C. § 3582(c)(1)(A)).

Certain family circumstances may constitute extraordinary and compelling reasons for a sentence reduction, including "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S. Sent'g Guidelines Manual § 1B1.13(b)(3) (U.S. Sent'g Comm'n 2024). Courts have interpreted incapacitation in this context to mean that the individual is "completely disabled" and "cannot carry on any self-care" or "is totally confined to a bed or chair." *See, e.g.*, *United States v. Gross*, 2024 WL 4100325, at *3 (N.D. Ind. Sept. 5, 2024); *United States v. Neal*, 2025 WL 1316487, at *4 (E.D. Tenn. May 6, 2025); *United States v. Mahone*, 2025 WL 495376, at *4 (W.D. Va. Feb. 13, 2025); *United States v. White*, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021); *United States v. Jones*, 2021 WL 1060218, at *10 (W.D. Pa. Mar. 18, 2021).

## DISCUSSION

Here, Howard fails to establish that his mother is "incapacitated" within the meaning of section 1B1.13(b)(3) of the Sentencing Guidelines Manual. The affidavits from Howard's mother Arlinda Burton ("Burton") and her friend Alicia Harris ("Harris"), along with brief notes from Burton's medical providers, indicate, at most, that Burton requires some assistance with daily living due to worsening glaucoma and short-term memory impairments resulting from multiple strokes. (*See* Doc. 87 at 18-24). The extent

and nature of the assistance that she requires, however, remain entirely undefined. (*See id.*). Howard provides no objective medical evidence demonstrating that Burton is unable to care for herself, is confined to a bed or chair, or is otherwise so severely limited in her functional capacity as to satisfy the applicable standard for incapacitation.

Even assuming that his mother is incapacitated, Howard has not shown that he is the only available caregiver. In her affidavit, Harris states that she is currently assisting Burton with daily activities but will no longer be available due to an impending relocation. (Doc. 87 at 19). She also indicates that Howard's grandmother, who previously helped, is now unable to assist Burton due to her own declining health, and that Burton's brother resides in a nursing home facility. (*Id.*). The record contains no explanation as to why any other individuals—such as relatives, household members, or community members—could not serve as caregivers. "Courts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver[.]" *Gross*, 2024 WL 4100325, at *3 (citation modified); *see also United States v. Nishida*, 2023 WL 7222875, at *3 (D. Haw. Nov. 2, 2023) (holding that movant failed to show unavailability of other caregivers where he offers "no explanation as to whether household members, friends in the community, or relatives other than his siblings and father would have the time, money, and resources to help").

Moreover, Howard offers no evidence that Burton is ineligible for assistance through state, federal, or other public assistance programs. He merely asserts that she does not qualify for public assistance programs because she is "not elderly and not covered yet by any [such] programs." (Doc. 94 at 4). He further contends that, even if

eligible, such programs would not provide the level of care she requires. (*Id.*). Yet, he offers no evidentiary support for these assertions and does not indicate whether any applications for public assistance were submitted, denied, or even explored. Such unsubstantiated assertions do not establish that no other caregivers are available through public programs. *See United States v. Harris*, 2024 WL 5075642, at *5 (W.D. Ky. Dec. 11, 2024); *Nishida*, 2023 WL 7222875, at *3.

Nor has Howard shown an extraordinary and compelling reason based on his desire to care for his son. In support of his son's medical needs, Howard submits several photographs, a note from a medical provider, and a screenshot of a phone message. (Doc. 87 at 25-35). These materials, however, do not provide any information about the severity of the child's condition or establish that he is incapacitated. There is also no evidence that the child lacks access to other caregivers or that Howard's care is uniquely necessary. *See United States v. Ramirez*, 2023 WL 2078442, at *3 (N.D. Ill. Feb. 17, 2023).

The Court does not question the sincerity of Howard's desire to care for his family. However, such circumstances are not uncommon among incarcerated individuals and, without more, do not constitute an extraordinary and compelling reason for a sentence reduction. *See United States v. White*, 2022 WL 17960721, at *5 (S.D. Ind. Dec. 27, 2022); *United States v. Quintana*, 2021 WL 4521150, at *5 (S.D. Ind. Oct. 1, 2021).

Furthermore, Howard's rehabilitative efforts—commendable as they may be— likewise do not suffice. The Court recognizes his pursuit of education and his efforts to address behavioral and psychological issues. (*See* Doc. 87 at 39-57; Doc. 94 at 7-11). Nonetheless, rehabilitation alone does not meet the threshold for a sentence reduction.

*United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022).

## CONCLUSION

For these reasons, the motion for reduction of sentence (Doc. 87) filed by Defendant Curtis Howard, Jr., is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 16, 2025**

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**